UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRIAN BELL,

    Plaintiff,

      v.

O'REILLY AUTO ENTERPRISES, LLC d/b/a
O'REILLY AUTO PARTS,

    Defendant.

Civil Action No. 1:16-cv-00501-JDL

PLAINTIFF'S PRE-TRIAL MEMORANDUM

I.    Facts

Plaintiff's claims arise under the Maine Human Rights Act ("MHRA") and Americans with Disabilities Act ("ADA"). Plaintiff has previously set out much of the relevant evidence that will be introduced at trial in his Opposition to the Defendant's Motion for Summary Judgment and Opposing/Additional Statements of Fact. The Court's Order on Defendant's Motion for Summary Judgment (ECF No. 44) also recounts the facts in the record relating to Defendant's liability. In summary, Plaintiff was employed by Defendant as a Store Manager. Plaintiff requested the reasonable accommodation for his disabilities that his scheduled hours be limited to 45 per week with the ability to work additional unscheduled hours as necessary. Defendant failed to consider the requested accommodation and refused to permit Plaintiff to return to his position instead offering him a number of substantial demotions with lower pay than what was offered to non-disabled employees. When Plaintiff did not accept the demotions he was terminated.

Plaintiff alleges that 1) Defendant unlawfully failed to accommodate his disability; 2) Defendant unlawfully discriminated against Plaintiff because of his disability (termination and offering less

1

pay for Assistant Manager position); and 3) Defendant unlawfully retaliated against Plaintiff for requesting and requiring a reasonable accommodation (termination and offering less pay for Assistant Manager position).

Following his termination, Plaintiff engaged in a diligent job search. He worked in two positions in 2015 and 2016 for substantially less pay than what he earned as a Store Manager for O'Reilly. In 2017, Plaintiff accepted a position with Athena Health as a Client Support Analyst. This position also paid less than his Store Manager position. Plaintiff has continued working for Athena and was promoted to an Operations Project Associate position beginning on March 5, 2018. His new position has higher pay than what he earned while employed with Defendant. Plaintiff's lost wages are $56,806. We are currently pulling together the documentation that reflects Plaintiff's out of pocket benefits costs. Reasonable attorneys' fees and costs to date exceed $90,000 and continue to accrue. Compensatory damages and punitive damages are appropriately determined by the jury. Pre-judgment interest, injunctive and declaratory relief are appropriately determined by the Court after the verdict.

II.     Controverted Points of Law.

1. Plaintiff anticipates that Defendant will reiterate the arguments made in its Motion for Summary Judgment and Objection to the Recommended Decision and Report. Plaintiff takes the same position on these issues as he did during the summary judgment stage.

2. Plaintiff anticipates a disagreement over the admissibility of evidence relating to another claim brought against O'Reilly by an employee alleging discrimination and failure to accommodate on the basis of religion.

3. Plaintiff also intends to file some motions in limine.

III.    <u>Proposed Stipulations Concerning Matters Which Are Not In Substantial Dispute and To Facts and Documents Which Will Avoid Unnecessary Proof</u>

1. Plaintiff's dates of employment, hire, and termination.

2. Plaintiff was not permitted by Defendant to return to work in his Store Manager position after June 4, 2015.

3. But for his request for accommodation Plaintiff would not have been excluded from his Store Manager position after June 4, 2015.

4. Plaintiff's lost wages.

5. The use of copies in lieu of originals.

6. The authenticity and admissibility of relevant documents to be used at trial.

7. That Plaintiff has a protected disability for purposes of the ADA and MHRA.

8. That Plaintiff averaged 46.63 scheduled hours per week during the period he worked as a Store Manager.

9. The dates and rate of pay for Assistant Store Managers hired in Maine in 2015.

10. There was no direct monetary cost in providing Plaintiff with his requested accommodation.

IV.    <u>Names and Addresses of All Witnesses, Other Than Those to Be Used For Impeachment and Rebuttal</u>

1. Brian Bell, Plaintiff.

2. Natalie Turner, Plaintiff's wife.

3. Judy Weitzel, 106 W Broadway Street, Butte, Montana 59701

4. Dr. Charles Robinson, Clinical and Forensic Psychology, 74 Winthrop St, Augusta, ME 04330

5. Christopher Watters, Defendant's employee.

6. Nick Thomas, Defendant's employee.

7. Donald Beck, Defendant's employee.

8. Sherri Jones, Defendant's employee.

9. Richard Hawkins, Former employee of Defendant, Gray, Maine

   Plaintiff reserves the right to call additional witnesses named by Defendant and for purposes of impeachment and rebuttal.

V. <u>Case Specific Juror Questionnaires</u>

   Plaintiff seeks leave to use a case specific juror questionnaire in this matter.

VI. <u>Exhibit List</u>

1. Plaintiff anticipates using the same exhibits at trial that were used in connection with the Motions for Summary Judgment.

2. Documentation reflecting what Plaintiff would have earned if he had remained employed by Defendant as a Store Manager.

3. Documentation of Plaintiff's efforts to mitigate his damages.

4. Documentation of Plaintiff's earnings since his termination by Defendant.

5. Documentation relating to the denial of Richard Hawkins' requested accommodation and separation.

6. EEOC Regulations and Guidance.

7. Defendant's responses to Plaintiff's written discovery requests.

Plaintiff reserves the right to supplement the witness and exhibit lists as necessary with sufficient notice to Defendant.

                                              Respectfully submitted,

Date:   June 4, 2018                      */s/ Chad T. Hansen*
                                                Chad T. Hansen
                                                Allan K. Townsend
                                                Attorneys for Plaintiff

                                              *Maine Employee Rights Group*
                                              92 Exchange Street
                                              Portland, Maine 04101
                                              (207) 874-0905
                                              chansen@maineemployeerights.com

                                            CERTIFICATE OF SERVICE

     I certify that I made service of the foregoing document via the Court's electronic filing system on all counsel of record on the date below.

DATE:   June 4, 2018                  */s/ Chad T. Hansen*