*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| BRIAN BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:16-cv-00501-JDL |
| v. ) | |
| ) | |
| O'REILLY AUTO ENTERPRISES, LLC, ) | |
| d/b/a O'REILLY AUTO PARTS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION *IN LIMINE* FOR AN
ORDER EXCLUDING EVIDENCE OF OTHER COMPLAINTS
WITH INCORPORATED MEMORANDUM OF LAW**

Defendant O'Reilly Auto Enterprises, LLC, d/b/a O'Reilly Auto Parts (hereinafter "O'Reilly"), through its undersigned counsel, moves *in limine* for an Order excluding at trial, pursuant to Rules 402 and 403 of the Federal Rules of Civil Procedure, any evidence of or reference to other complaints of employment discrimination.

The grounds for Defendant's motion are set forth in the memorandum of law incorporated below.

**MEMORANDUM OF LAW**

This is an action for disability discrimination under the Americans with Disabilities Act and the Maine Human Rights Act.

In a separate, wholly-unrelated proceeding, another person who was once employed by O'Reilly in Maine has brought a complaint against O'Reilly to the Maine Human Rights Commission (MHRC). In that case, Richard Hawkins, a Seventh Day Adventist, alleges that O'Reilly failed to accommodate his religious beliefs by scheduling him to work some Saturdays. O'Reilly disputes the allegation that it violated Mr. Hawkins' rights under Title VII and the

Maine Human Rights Act. Attached hereto as Exhibit A is a copy of the MHRC Investigator's Report, summarizing Mr. Hawkins' claim and O'Reilly's defense.

The MHRC recently voted to make a finding that there are "reasonable grounds" to support Mr. Hawkins' complaint. Code Me. R. tit. 94-348 Ch. 2,, § 2.07 ("After considering the Investigator's Report, complainant's and respondent's submissions, if any, and other related information, the Commission will make a determination of whether or not reasonable grounds exist to believe that unlawful discrimination has occurred."). In his Final Pretrial Memorandum the Plaintiff has identified Richard Hawkins as a potential trial witness, and he has identified as potential trial exhibits "Documentation relating to the denial of Richard Hawkins' requested accommodation and separation." By this motion, O'Reilly asks the Court to bar Mr. Hawkins from testifying, and to exclude all documentary and other evidence of any kind concerning his complaint of employment discrimination.

### 1. The Evidence Is Not Relevant

As Magistrate Judge Rich observed in *Brandt v. Fitzpatrick*, 2017 WL 3841652 (D. Me. Sept. 1, 2017), "[e]vidence of past discriminatory conduct by an employer against employees other than the plaintiff, so-called 'me too' evidence, is neither '*per se* admissible nor *per se* inadmissible.'" *Id.* at *1 (quoting *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008)). "Such evidence can go toward establishing a 'corporate state-of-mind or a discriminatory atmosphere[.]'" *Id.* (quoting *Conway v. Electro Switch Corp.*, 825 F.2d 593, 597 (1st Cir. 1987)). "[W]hether such evidence is relevant depends on a variety of factors, including 'how closely related the evidence is to the plaintiff's circumstances and theory of the case.'" *Hasan v. Foley & Lardner LLP,* 552 F.3d 520, 529 (7th Cir. 2008), *as corrected* (Jan. 21, 2009)

(quoting *Sprint/United Mgmt. Co. v. Mendelsohn,* --- U.S. ----, 128 S.Ct. 1140, 1147, 170 L.Ed.2d 1 (2008), and citing Fed. R. Evid 401 & 403).

Applying these broad principles, courts have found that "me too" evidence is not relevant, and thus not even discoverable, "where it pertain[s] to a different form of discrimination than that alleged by the plaintiff," where it involves the conduct of persons other than the "decisionmakers who allegedly discriminated against a plaintiff," and where it implicates conduct that occurred at a different time than the conduct at issue in the case. *Id.* at *3. "When the evidence involves a kind of alleged discrimination different from that alleged by the plaintiff, 'the evidence [may be] likely to confuse the issues for the jury and unfairly prejudice the defendants.'" *Bell v. Crowne Mgmt., LLC,* 844 F. Supp. 2d 1222, 1236 (S.D. Ala. 2012) (quoting *Lewis v. Department of Transportation,* 187 Fed. Appx. 961, 961–62 (11th Cir.2006)).

For several reasons, the evidence the Plaintiff proposes to offer is irrelevant to the present action, and therefore inadmissible.

First, Mr. Hawkins does not claim and has never claimed to be disabled. Therefore, his allegation that he was a victim of discrimination says nothing at all about the merits of Brian Bell's claim. The only "fact" that could theoretically be proven by Richard Hawkins' testimony is that O'Reilly failed to adequately accommodate his *religion*. Admission of Mr. Hawkins' testimony, or evidence pertaining to his MHRC complaint, would say nothing about whether O'Reilly's "corporate state of mind" condones discrimination against the *disabled*.

Second, the O'Reilly managers directly involved in the Hawkins case and the managers involved in this case are different. The individuals upon whom the Plaintiff focuses in this case are his District Manager, Chris Watters, and the Regional manager (and Watters' direct

supervisor), Nick Thomas.  In the Hawkins case, the person directly involved in Mr. Hawkins' separation was the manager of the Yarmouth store, who had nothing to do with Brian Bell or this case.  There was also evidence that Mr. Hawkins spoke on the phone with his District Manager, Jesse Hebert,[1] after his separation.  Mr. Hebert, too, had nothing to do with Brian Bell or this case.  In short, because neither Chris Watters nor Nick Thomas had any involvement in the Hawkins matter, Richard Hawkins has nothing to say which would shed light on either man's state of mind.  *Schrand v. Fed. Pac. Elec. Co.,* 851 F.2d 152, 156 (6th Cir. 1988) ("The fact that two employees of a national concern, working in places far from the plaintiff's place of employment, under different supervisors, were allegedly told they were being terminated because they were too old, is simply not relevant to the issue in this case.").

Third, the evidence the Plaintiff proposes to offer "implicates conduct that occurred at a different time than the conduct at issue in the case."  Brian Bell's last day of work with O'Reilly (in Belfast) was June 4, 2015.  Richard Hawkins' last day of work (in Yarmouth) was September 19, 2016.

For all of the foregoing reasons, O'Reilly submits that the proposed evidence should be excluded under Federal Rule of Evidence 402.

### 2. If Relevant, the Evidence Should Still Be Excluded Under Rule 403.

Alternatively, the evidence should be excluded under Rule 403.  This is so because whatever minimal probative value it may have is outweighed by the risks of unfair prejudice and confusion of the issues.  *See Adams v. Austal, U.S.A., L.L.C.,* 754 F.3d 1240, 1258 (11th Cir. 2014) (in a hostile environment case, because "[t]he response [to racially-hostile conduct] in one department or from one supervisor might vary greatly from another department or supervisor,"

---

[1] The Belfast store, where Brian Bell worked, and the Yarmouth store, where Richard Hawkins worked, are in different districts.

the district court "retained the discretion to exclude ["me too"] evidence, under Rule 403," on the ground that it was "unduly prejudicial, confusing, misleading, or cumulative"); *Schrand v. Fed. Pac. Elec. Co.,* 851 F.2d at 156 (6th Cir. 1988) ("me too" evidence, if relevant at all, should have been excluded under Rule 403, where, *inter alia*, the evidence could have an "emotional" impact on the jury, and admitting it would "tend[ ] to confuse the issue by focusing the jury's attention on two totally unrelated events"); *DeAngelis v. City of Bridgeport*, 2018 WL 429156, at *1 (D. Conn. Jan. 15, 2018) ("'[M]e too' evidence raises a concern about unfair prejudice, confusion of the issues, and undue delay under Fed. R. Evid. 403. A case brought in the name of a single plaintiff for discrimination may end up devolving into a prolonged trial about an employer's alleged discrimination against many other employees who are not parties to the case. Moreover, "me too" evidence raises a separate concern under Fed. R. Evid. 404(b) that a jury may draw an impermissible "character" inference against an employer because of evidence about the employer's alleged mistreatment of others.").

If the Court admits Mr. Hawkins' testimony or other evidence pertaining to his complaint, the trial will take a sharp detour into the realm of religious discrimination. In that event O'Reilly will have to line up its own witnesses to refute Mr. Hawkins' claim. Furthermore, the jury, presumably, will have to be instructed on the failure-to-accommodate-religion claim, so it can judge whether O'Reilly actually violated Title VII. Assuming Mr. Hawkins' testimony (and related evidence) has any probative value, the value is not great enough to justify the time and complexity it would add to the trial. Nor is it great enough to justify the potential for unfair prejudice to O'Reilly, which would face an accusation of undifferentiated discriminatory animus against employees in two different protected classes.

## CONCLUSION

Richard Hawkins has complaints about O'Reilly which center on religion, not disability. He complains about actions taken by managers who are not involved in this suit. And his complaint stems from conduct which occurred 15 months after Brian Bell's last day on the job with O'Reilly. Taking all these factors into account, nothing Hawkins has to say will tend to prove any "fact of consequence in determining the action." Therefore, his testimony – and any other evidence pertaining to his separation, or his complaint to the MHRC – should be excluded under Rule 402 of the Federal Rules of Evidence. Alternatively, whatever slight probative value Hawkins' "me too" testimony might have, it would be substantially outweighed by the risk of unfair prejudice and confusion of the issues, and it should be excluded on that independently-sufficient ground.

Dated at Portland, Maine this 19th day of June, 2018.

/s/ Christopher C. Taintor

Christopher C. Taintor, Esq.
Attorneys for Defendant

NORMAN, HANSON & DeTROY
Two Canal Plaza, P.O. Box 4600
Portland, Maine  04112-4600
(207) 774-7000

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**Certificate of Service**

I hereby certify that on June 19, 2018, I electronically filed Defendant's Motion *in Limine* for an Order Excluding Evidence of Other Complaints with Incorporated Memorandum of Law with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Christopher C. Taintor, Esq.

Christopher C. Taintor, Esq.
Robert W. Bower, Esq.
Attorneys for Defendant

Norman, Hanson & DeTroy, LLC
Two Canal Plaza, P.O. Box 4600
Portland, ME  04112-4600
(207) 774-7000