UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN BELL,<br><br>    Plaintiff,<br><br>    v.<br><br>O'REILLY AUTO ENTERPRISES, LLC d/b/a O'REILLY AUTO PARTS,<br><br>    Defendant. | Civil Action No. 1:16-cv 00501-JDL |

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE INADMISSIBLE SPECULATION AND OPINION TESTIMONY OF DON BECK AND NICK THOMAS

The summary judgment pleadings suggest that Defendant will seek to introduce inadmissible speculation and opinion evidence from its Team Member Relations Manager Don Beck and Regional Manager Nick Thomas. For the reasons set out below the testimony of these witnesses should be limited to facts to which they have personal knowledge.

Donald Beck testified on behalf of Defendant pursuant to Fed. R. Civ. P. 30(b)(6). Beck was designated by Defendant to testify about the process used by Defendant to evaluate Bell's request for accommodation, the information considered by Defendant during this process, and the extent to which Defendant took any steps to evaluate Bell's request after his July 13, 2015 email. During his deposition, Beck conceded that he did not recall being consulted regarding Bell's case. April 4, 2017 Deposition of Donald Beck, (hereinafter "Beck Dep.") at 40 (ECF No. 36). Beck's testimony that he did not recall any involvement in the facts of this case is consistent with Defendant's Answers to Interrogatories which did not identify Beck as a person with relevant information. During his Fed. R. Civ. P. 30(b)(6) deposition Beck speculated about communications that he

1

believed likely occurred in connection with Bell's request and other things that he assumed were done by Defendant in the context of denying Bell's accommodation including why Defendant failed to take any actions to further evaluate Bell's requested accommodation after his July 13, 2015 email.  Beck Dep. 51-54. Beck also provided his opinions regarding why he believed it was appropriate for Defendant to deny Bell's accommodation.  Id.

As a lay witness, Beck testimony should be limited to subjects within his personal knowledge. Since he has no recollection of involvement in Bell's case he has no basis for providing testimony with regard to the process. FRE 602. Rather, all testimony by Beck relating to the specifics of Bell's case is inadmissible speculation.  Further, the responses and opinions provided by Beck during his deposition were given in the context of his designation as Defendant's Fed. R. Civ. P. 30(b)(6) witness and so Defendant is not permitted to rely upon them. [1]  F.R.Civ.P. 32(a)(3) (limiting use of a Rule 30(b)(6) deposition to the "adverse party") and F.R.Civ.P. 32(a)(1)(B)(deposition testimony only admissible if it otherwise admissible under the Federal Rules of Evidence); *Union Pump Co. v. Centrifugal Tech. Inc.,* 404 F. App'x 899, 907–08 (5th Cir. 2010)(holding that it was error to permit a corporation to call its own employee who was designated as a Fed. R. Civ. P. 30(b)(6) witness to testify regarding matters that were not within his personal knowledge, stating, "FRE 602 limits the scope of a witness's testimony to matters that are within his or her personal knowledge. Union Pump argues that Bixler was permitted to testify to matters that, although they were not within his own personal knowledge, were within the knowledge of the corporation because Bixler was designated as Union Pump's corporate representative. We disagree. Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters

---

[1] Beck's opinions regarding the justifications for denying Bell's accommodations were not responsive to the Fed. R. Civ. P. 30(b)(6) for which he was designated.

2

within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an *adverse* party to use that deposition testimony during trial.")

The Court should also preclude Defendant from seeking to introduce Beck's speculation about how Defendant handled Bell's case as "habit" evidence. Defendant would have to satisfy the requirements of FRE 406 to make this argument. FRE 406 permits witnesses to testify about "habit" evidence to prove conformity with that habit in particular circumstances. *United States v. Newman*, 982 F.2d 665, 668 (1st Cir. 1992). "Although there are no precise standards for determining whether a behavior pattern has matured into a habit, two factors are considered controlling as a rule: adequacy of sampling and uniformity of response." *Id.* at 668 (quotations omitted). "It is essential, therefore, that the regularity of the conduct alleged to be habitual rest on an analysis of instances numerous enough to support an inference of systematic conduct and to establish one's regular response to a repeated specific situation." *Id.* at 668 (cleaned up). Furthermore, the First Circuit has held that routine practices of an organization cannot be used to prove that individuals within the organization acted in conformity with those routine practices. *Id.* at 669.

In this case, Defendant cannot establish that testimony about what would have occurred as a matter of habit because the "specific situation" at issue here, to wit a Store Manager requesting an adjustment to his schedule, is very infrequent. Thomas testified that it is "extremely rare" for a Store Manager to request a modified schedule and he can only recall one other occasion during the seven years he has been a District Manager and Regional Manager. April 6, 2017 Deposition of Nick Thomas, hereinafter "Thomas Dep." at 47 (ECF No. 36-17). It is also impossible for Defendant to establish the necessary foundation for FRE 608 because Beck testified that Defendant considers each request for a reasonable accommodation on a case-by-case basis and decisions on how to assess reasonable accommodation requests depend on the facts of each particular case. Beck

3

Dep. 21. Because the decision-making process is so case specific, Defendant cannot satisfy the "regularity" requirement of FRE 406.

Since Beck was not involved in the actual facts of the case, his views and opinions also fail to meet the requirement that evidence be relevant under FRE 401-402. Rather, admitting Beck's testimony on these issues would only serve to confuse the jury and prejudice the Plaintiff. FRE 403. In addition, for the reasons set out below, Beck's opinions do not meet the standard for lay opinions and so should not be permitted on that basis either. FRE 701.

For these reasons, Beck's testimony at trial should be limited to those subjects upon which he has personal knowledge which meet the Rules' relevance requirement.

## NICK THOMAS

Thomas testified during his deposition that he did not recall providing any input into the decision regarding whether to provide Bell with his requested accommodation. Thomas Dep. 100-106. Thomas also testified, like Beck, that he assumed that he did speak to other managers about Bell's requested accommodation and that it was possible that he provided input on the accommodations but that he did not specifically recall speaking to Watters or other managers about the requested accommodation. Id. The Court should not permit Thomas to testify that he spoke to Watters or other managers about Bell's scheduling request because that would be inadmissible speculation. FRE 602.

Thomas then went on to speculate during his deposition regarding the types of things that he "would have" said if he had engaged in a conversation with another manager about allowing Bell to limit his total schedule 45 hours per week. Thomas provided a number of opinions regarding why he does not believe that Defendant could accommodate Bell if he was limited to a 45 hour per week schedule. Id. at 106-108. Thomas acknowledged during his deposition that his testimony reflected what "opinions" he "would have" shared with Watters had such a conversation occurred. Id. at 108.

4

Thomas' should not be permitted to speculate regarding what he hypothetically would have said if he provided input on whether he believed Bell could perform the job within a 45 hour schedule.[2] Thomas' testimony regarding what he would have thought and said with regard to a 45 hour cap is also irrelevant since there is no evidence that his views had any impact on the Defendant's actions or decision to deny Bell's accommodation at that stage of the process. FRE 401-402. Furthermore, admitting evidence would only serve to confuse the jury and prejudice Bell. FRE 403.

In addition, like Beck, Thomas was designated by Defendant as a Fed. R. Civ. P. 30(b)(6) witness.  Thomas was designated to discuss the impact of Bell's requested accommodation upon the operation of the facility.  He admitted that Defendant has never considered the impact of the restriction of only limiting scheduled hours to 45 hours per week. Thomas Dep. 204-206. At the end of his deposition, Defendant's counsel asked Thomas a number of questions eliciting his opinions regarding the impact of Bell's actual requested accommodation (45 hour limit only pertaining to scheduled hours).  Id. at 216-217.  Defendant's counsel asked Thomas to assume that Bell's ability to work unscheduled hours beyond 45 would be "unpredictable" and assume that Bell would be unable to provide assurance of his ability to work unscheduled hours in advance. With these assumptions, Thomas complied and considered this issue for the first time and provided his opinions during the deposition regarding how accommodating Bell would be difficult in the scenario proposed. During the summary judgment process Defendant attempted to rely on Thomas' testimony and characterized his opinions as Defendant's "views" on Bell's case.  Defendant should not be permitted to introduce this type of testimony from Thomas at trial.

First, like the testimony addressed above, this testimony involves speculation regarding a hypothetical scenario and is not based on Thomas' personnel knowledge as required by FRE 602.

---

[2] This portion of Thomas' deposition involved testimony by Thomas regarding whether Bell could perform the Store Manager job within 45 hours total without the ability to work additional unscheduled hours. Id. at 106.

The purpose of the questions was for Thomas to assume a hypothetical scenario and then speculate regarding what he believes would happen in the hypothetical.  Since these lines of questions do not relate to what actually occurred in this case they also fail to meet the requirement that evidence be relevant.  FRE 401-402.

Second, Defendant admittedly failed to consider or respond to Bell's request for accommodation as clarified on July 13, 2015.  It would be confusing to the jury and prejudicial to the Plaintiff to allow Defendant to recreate the situation as of July 13, 2015 and then present a hypothetical, alternate set of facts that assumes Defendant had complied with its obligations under the law, posit additional communications between Bell, his provider, and Defendant and then permit an opinion about how an employee would have handled the situation. The testimony should therefore be excluded under FRE 403.

Third, the testimony would constitute an inadmissible lay opinion on an ultimate issue in the case. FRE 701(a) provides that, "if a witness is not testifying as an expert, opinion testimony is limited to opinions that are (a) Rationally based on the witness's perception." FRE 701(a). "An opinion does not meet the standard of FRE 701 if it is 'not rationally based wholly and solely on the perceptions [the witness] acquired through his personal observations.'" *Mitchell v. Kieliszek*, 900 A.2d 719, 723 (Me. 2006) citing to *Emery Waterhouse Co. v. Lea,* 467 A.2d 986, 992 (Me.1983). "Thus, although an opinion by a lay witness may be permissible if based on his own perception, such perception must be 'adequately grounded on personal knowledge or observation just as would be the case with simple statements of fact.' " Id. *citing to Chrysler Credit Corp. v. Bert Cote's L/A Auto Sales, Inc.*, 707 A.2d 1311, 1317 (Me. 1998).  Thomas' opinions are based on a set of assumed facts provided by Defendant's counsel and so violate this requirement for a lay opinion.  In particular, the hypothetical posed to Thomas asked him to assume that Defendant had reached out to Bell and his medical provider and were given unsatisfactory clarification regarding the impact of his

6

disability on working unscheduled hours. FRE 701(b) requires that a lay opinion be "helpful to clearly understanding the witness's testimony or determining a fact in issue." Here, Thomas' opinion would not serve to help the jury understand a factual issue but instead would confuse the jury by presenting an argument to support Defendant's case under the auspices of fact testimony. In addition, whether Bell could have performed the essential functions of his position with the requested accommodation is an ultimate issue in the case. It would be particularly inappropriate to allow Defendant to have one of its employees provide his view on this ultimate issue. *United States v. Sanabria,* 645 F.3d 505, 516 (1st Cir. 2011)("However, lay opinion testimony on the ultimate issue in a case must satisfy Rule 701's helpfulness requirement, and 'seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness'[s]....' *See Mitroff v. Xomox Corp.,* 797 F.2d 271, 276 (6th Cir.1986)"). *Mitroff v. Xomox Corp.,* 797 F.2d 271, 276 (6th Cir. 1986) ("Although testimony which embraces an ultimate issue is not objectionable (Fed.R.Evid. 704), seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an "oath helper.")

For these reasons, Thomas should not be permitted to speculate regarding what he would have said and done in connection with the Defendant's handling of Bell's request for accommodation or provide opinions regarding the hypothetical impact of Bell's reasonable accommodation and disability on the performance of his duties. Thomas' testimony at trial should be limited to facts to which he has personal knowledge.

Dated at Portland, Maine this 19th day of June 2018.

/s/ Chad T. Hansen
Chad T. Hansen
Allan S. Townsend
Attorneys for Plaintiff

Maine Employee Rights Group
92 Exchange Street, 2nd Floor
Portland, ME 04101
207-874-0905

CERTIFICATE OF SERVICE

I certify that I served the foregoing document upon all counsel via the Court's ECF system.

Date:  June 19, 2018  /s/ Chad T. Hansen
Chad T. Hansen