UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRIAN BELL,

    Plaintiff,

      v.

O'REILLY AUTO ENTERPRISES, LLC d/b/a
O'REILLY AUTO PARTS,

    Defendant.

Civil Action No.  1:16-cv-00501-JDL

PLAINTIFF'S PRE-TRIAL MEMORANDUM

I.    Facts

    Plaintiff's claims arise under the Maine Human Rights Act ("MHRA") and Americans with Disabilities Act ("ADA"). Plaintiff has previously set out much of the relevant evidence that will be introduced at trial in his Opposition to the Defendant's Motion for Summary Judgment and Opposing/Additional Statements of Fact as well as during the first trial. The Court's Order on Defendant's Motion for Summary Judgment (ECF No. 44) and the First Circuit's Order vacating the first trial judgment also summarize relevant facts relating to Defendant's liability.  In summary, Plaintiff was employed by Defendant as a Store Manager. Plaintiff requested the reasonable accommodation for his disabilities that his scheduled hours be limited to 45 per week with the ability to work additional unscheduled hours as necessary. Defendant failed to consider the requested accommodation and refused to permit Plaintiff to return to his position instead offering him a number of substantial demotions with lower pay than what was offered to non-disabled employees. When Plaintiff did not accept the demotions, he was terminated. Plaintiff alleges that Defendant unlawfully failed to accommodate his disability.

Following his termination, Plaintiff engaged in a diligent job search.  He worked in two positions in 2015 and 2016 for substantially less pay than what he earned as a Store Manager for O'Reilly.  In 2017, Plaintiff accepted a position with Athena Health as a Client Support Analyst. This position also paid less than his Store Manager position.  Plaintiff has continued working for Athena and was promoted to an Operations Project Associate position beginning on March 5, 2018. His new position has higher pay than what he earned while employed with Defendant. Plaintiff's lost wages are $57,776. Reasonable attorneys' fees and costs to date exceed $350,000 and continue to accrue. Compensatory damages and punitive damages are appropriately determined by the jury. Pre-judgment interest, injunctive and declaratory relief are appropriately determined by the Court after the verdict.

II.    Controverted Points of Law.

1.  Plaintiff anticipates that the parties will present the same disagreements on the law as were presented during the first trial, including those evidentiary issues set out in Plaintiff's previously filed motions in limine.

2.  Plaintiff anticipates a legal dispute between the parties on the interactive process instruction and whether it is appropriate for the Court to give a jury instruction that is the same or similar to the instruction that Plaintiff requested and the Court declined to give during the first trial. (ECF No. 74 at 14).  ("An employer who fails to engage in such an interactive process in good faith violates a disabled employee's rights if a reasonable accommodation would have been possible.").

III.    Proposed Stipulations Concerning Matters Which Are Not In Substantial Dispute and To Facts and Documents Which Will Avoid Unnecessary Proof

1.  Plaintiff's dates of employment, hire, and termination.

2. Plaintiff was not permitted by Defendant to return to work in his Store Manager position after June 4, 2015.

3. But for his request for accommodation, Plaintiff would not have been excluded from his Store Manager position after June 4, 2015.

4. Plaintiff's lost wages.

5. The use of copies in lieu of originals.

6. The authenticity and admissibility of relevant documents to be used at trial.

7. That Plaintiff has a protected disability for purposes of the ADA and MHRA.

8. That Plaintiff averaged 46.63 scheduled hours per week during the period he worked as a Store Manager.

9. The dates and rate of pay for Assistant Store Managers hired in Maine in 2015.

10. There was no direct monetary cost in providing Plaintiff with his requested accommodation.

IV. <u>Names and Addresses of All Witnesses, Other Than Those to Be Used For Impeachment and Rebuttal</u>

1. Brian Bell, Plaintiff.

2. Natalie Turner, Plaintiff's wife.

3. Judy Weitzel, 106 W Broadway Street, Butte, Montana 59701

4. Dr. Charles Robinson, Clinical and Forensic Psychology, 74 Winthrop St, Augusta, ME 04330

5. Christopher Watters, Defendant's former employee.

6. Nick Thomas, Defendant's employee.

7. Donald Beck, Defendant's former employee.

8. Sherri Jones, Defendant's employee.

9. Richard Hawkins, Defendant's former employee, Gray, Maine

Plaintiff reserves the right to call additional witnesses named by Defendant and for purposes of impeachment and rebuttal.

V.     Case Specific Juror Questionnaires

Plaintiff seeks leave to use a case specific juror questionnaire in this matter.

VI.    Exhibit List

1.  Plaintiff anticipates offering the same exhibits at trial that were identified during the course of the first trial.

Plaintiff reserves the right to supplement the witness and exhibit lists as necessary with sufficient notice to Defendant.

Respectfully submitted,

Date:   February 24, 2021                    /s/ Chad T. Hansen
                                             Chad T. Hansen
                                             Allan K. Townsend
                                             Attorneys for Plaintiff

                                             Maine Employee Rights Group
                                             92 Exchange Street
                                             Portland, Maine 04101
                                             (207) 874-0905
                                             chansen@maineemployeerights.com

CERTIFICATE OF SERVICE

I certify that I made service of the foregoing document via the Court's electronic filing system on all counsel of record on the date below.

DATE:   February 24, 2021                    /s/ Chad T. Hansen