UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN BELL, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|        v. | ) 1:16-cv-00501-JDL |
| | ) |
| O'REILLY AUTO | ) |
| ENTERPRISES LLC, | ) |
| | ) |
|   Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO CONTINUE TRIAL**

Defendant O'Reilly Auto Enterprises LLC ("O'Reilly Auto") has moved to continue the scheduling of the trial in this matter because four out-of-state witnesses may be unable to safely travel to Maine and testify in person due to the COVID-19 pandemic (ECF No. 148). Plaintiff Brian Bell opposes the motion (ECF 149). For the following reasons, I deny the motion.

Federal Rule of Civil Procedure 43(a) states that a witness's trial testimony "must be taken in open court." However, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id*.

In this instance, there is good cause for allowing the out-of-state witnesses to testify by videoconference, for two reasons. First, if this case was continued for the reasons O'Reilly Auto suggests, there is no certainty as to when the conditions associated with the pandemic would permit witnesses to travel to Maine without any

risk.[1]  Consequently, the continuance would be open-ended and the final resolution of this action, which was initiated in 2016, could be delayed indefinitely.

Second, O'Reilly Auto has not demonstrated that the use of video testimony would be unfairly prejudicial.  The COVID-19 pandemic has caused courts to make extensive use of video communications in both criminal and civil proceedings.  *See, e.g.*, *Liu v. State Farm Mut. Auto. Ins. Co.*, --- F. Supp. 3d. ---, 2020 WL 8465987, at *3 (W.D. Wash. Dec. 17, 2020) (reasoning that the lack of "discernable difference between . . . 'live' versus 'livestreamed' testimony" allows the juror to assess the witnesses' credibility); *Kieffaber v. Ethicon, Inc.*, Civil Action No. 20-1177-KHV, 2021 WL 425822, at *2 (D. Kan. Feb. 8, 2021) (finding the COVID-19 pandemic was a sufficiently compelling circumstance to "justify the use of contemporaneous video conferencing technology" to replace the in person trial).  There is nothing associated with the subject matter of this employment dispute, nor the anticipated testimony from the out-of-state witnesses, to suggest that video will not be an effective means for presenting their testimony.

For the foregoing reasons, it is hereby **ORDERED** that O'Reilly Auto's Motion to Continue Trial (ECF No. 148) is **DENIED**.

**SO ORDERED.**                                    Dated:  March 16, 2021

                                                         /s/ JON D. LEVY
                                                         **CHIEF U.S. DISTRICT JUDGE**

---

[1] Even if Maine continues to relax the travel restrictions put in place during the pandemic, *see* Me. Exec. Order No. 35 FY 20/21 (Mar. 5, 2021), an individual's ability to safely travel will continue to depend on, among other things, her medical condition and vaccination status.