UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN BELL,<br><br>    Plaintiff,<br><br>    v.<br><br>O'REILLY AUTO ENTERPRISES, LLC d/b/a O'REILLY AUTO PARTS,<br><br>    Defendant. | Civil Action No.  1:16-cv-00501-JDL |

PLAINTIFF'S MOTION IN LIMINE REGARDING PRIOR EMPLOYMENT

Defendant O'Reilly Auto Enterprises, LLC ("O'Reilly") plans to introduce documents and testimony relating to Plaintiff Brian Bell's past employment at AutoZone. The facts relating to Mr. Bell's employment with AutoZone are irrelevant and unfairly prejudicial to Mr. Bell. To the extent that O'Reilly is permitted to offer evidence regarding this prior employment it would lead to a trial within a trial which would unnecessarily delay this case.

AutoZone terminated Mr. Bell on July 17, 2014, for the following alleged reasons: improper conduct and physical contact with a subordinate; improper comments and messages; failure to prevent or address inappropriate music in the workplace; conduct detrimental to "AutoZoners" and AutoZone; and loss of confidence. The alleged improper conduct with a subordinate involved an allegation that Mr. Bell improperly touched a female employee.  Mr. Bell vehemently denies this allegation.  The evidence of Mr. Bell's termination and the reasons for his termination are unfairly prejudicial because his employment with AutoZone has nothing to do with his employment with O'Reilly.  However, if the Court permitted O'Reilly to introduce evidence of Mr. Bell's termination from AutoZone, Mr. Bell would have to explain what happened at AutoZone and present evidence to mitigate the unfairly prejudicial nature of this evidence.

Courts considering this issue have excluded evidence of a plaintiff's employment prior to working for the defendant-employer. *Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 540-41 (S.D.N.Y. 2005). In *Zubulake*, the defendant-employer sought to introduce evidence at trial of a plaintiff's poor work performance prior to her employment with the defendant including a negative performance appraisal. *Id.* As grounds, the defendant argued that the evidence was relevant to plaintiff's character and habit. The *Zubulake* court noted that the plaintiff's character is not an issue in an employment discrimination case and the proposed evidence was propensity evidence prohibited by Rule 404 and that an employee's work performance does not contain the degree of specificity to constitute habit, i.e. a regular response to a repeated specific situation. *Id.* at 540-542. On this basis, the *Zubulake* court excluded the evidence.

In *Neuren v. Adduci, Mastriani, Meeks & Schill*, a plaintiff-employee brought suit against her employer, a law firm, alleging sex discrimination under Title VII. *Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507 (D.C. Cir. 1995). The defendant-employer sought to introduce evidence at trial regarding the plaintiff's previous employment at another law firm before coming to work for the defendant. *Id.* at 1509-1510. In particular, the defendant sought to introduce evidence of poor performance and trouble getting along with coworkers arguing that it was character evidence that tended to show that she had similar issues when she worked for the defendant. *Id.* The trial court admitted the evidence and after a verdict for the defendant, the plaintiff appealed and argued that it was error to admit the evidence from her prior employment. *Id.* On appeal, the D.C. Circuit held that the trial court erred in admitting the evidence since it was character evidence for purposes of Rule 404 that did not meet any exceptions and that it was also not admissible as impeachment evidence with regard to her statements to her employer regarding this prior employment. *Id.* at 1511-1512.

Courts considering the relevancy of records of prior employment at the discovery stage of a case have similarly concluded that the evidence is not even discoverable much less admissible at trial.  *See, e.g., Sanders v. Dalcraft LLC,* No. 3–09–CV–0307–P, 2009 WL 1392602, at *2 (N.D.Tex. May 18, 2009) (rejecting argument that employment records from plaintiff's former employer "may show performance deficiencies similar to those relied upon by [the defendant] to justify termination"); *Ireh,* 2008 WL 4283344, at *5 (ruling that plaintiff's performance during prior employment was not relevant to work performed for defendant and that prior employment records were not likely to lead to discovery of admissible evidence as such evidence would be inadmissible under Federal Rule of Evidence 404(a)); *Maxwell v. Health Center of Lake City, Inc.,* No. 3:05–CV–1056–J–32MCR, 2006 WL 1627020, at *4 (M.D.Fla. June 6, 2006) (ruling that plaintiff's performance at previous jobs was not relevant nor reasonably calculated to lead to admissible evidence because Rule 404(a) would exclude such evidence); *Liles v. Stuart Weitzman, LLC*, No. 09-61448-CIV-COHN, 2010 WL 1839229, at *3 (S.D. Fla. May 6, 2010); *Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437 CFD, 2007 WL 2786421, at *3 (D. Conn. Sept. 25, 2007).

Just like the evidence of prior employment addressed in the cases above, evidence relating to Mr. Bell's termination from AutoZone is not relevant or admissible for any purpose. This evidence does not relate in any way to Mr. Bell's employment at O'Reilly, his requests for reasonable accommodations, his termination from O'Reilly, or his damages. Evidence of Mr. Bell's termination and alleged misconduct while employed at AutoZone can only be character evidence which is inadmissible under FRE 404(a). This extrinsic evidence is also not admissible to attack Bell's credibility under FRE 608(b).

O'Reilly has argued that evidence of Mr. Bell's termination from AutoZone somehow relates to emotional distress he experienced as a result of O'Reilly's discrimination. This argument

3

lacks merit. AutoZone's termination of Mr. Bell has no relevance to the emotional distress Mr. Bell suffered due to O'Reilly's discrimination against him. There is no evidence that Mr. Bell was still suffering from any emotional effects of the AutoZone termination when O'Reilly violated his rights. In fact, his medical records show that he started to feel better emotionally soon after O'Reilly hired him. O'Reilly argued that the AutoZone termination continued to effect Mr. Bell because he believed that AutoZone gave him a bad reference but there is no evidence that AutoZone gave Mr. Bell a bad reference and Mr. Bell had no idea who gave him the bad reference.

O'Reilly has also argued that the AutoZone termination is relevant because Mr. Bell was emotionally upset about how his termination from O'Reilly would affect his employability and he believed that his termination from AutoZone impacted his employability. Mr. Bell does not intend to offer any evidence about any worries he harbored about his employability. Thus, this argument lacks merit.

Even if the evidence regarding AutoZone's termination of Mr. Bell was relevant in some way, permitting the evidence would lead to substantial prejudice, confusion, and waste of time. There are significant factual disputes regarding the reasons for Mr. Bell's termination from AutoZone. Permitting this evidence would lead to confusion since a jury will likely have difficulty distinguishing between the evidence relating to Mr. Bell's employment with AutoZone and Mr. Bell's employment with O'Reilly, in large part, because Mr. Bell held the same position with both employers. In addition, even though it is expressly precluded under Rule 404, the jury would likely treat evidence of Mr. Bell's termination from AutoZone and the alleged reasons for that termination as character evidence. Indeed, there is a real danger that jurors would look unfavorably upon Mr. Bell because of AutoZone's alleged reasons for terminating him since AutoZone did not just cite poor performance for the termination but went so far as to falsely accuse Mr. Bell of improper conduct with a female subordinate.

For these reasons, evidence of Mr. Bell's termination from AutoZone and the alleged reasons for that termination should be excluded at trial.

Respectfully submitted,

Date: August 26, 2021

/s/ Chad T. Hansen
Chad T. Hansen
Allan K. Townsend
Attorneys for Plaintiff

Maine Employee Rights Group
92 Exchange Street, 2nd Floor
Portland, ME 04101
207-874-0905

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document upon all counsel via the Court's ECF system.

Date:  August 26, 2021

/s/ Chad T. Hansen
Chad T. Hansen