UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN BELL,<br><br> Plaintiff,<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES, LLC d/b/a<br>O'REILLY AUTO PARTS,<br><br> Defendant. | Civil Action No.  1:16-cv-00501-JDL |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO REDUCE THE JURY'S VERDICT

NOW COMES Plaintiff, Brian Bell and opposes Defendant's Motion to Reduce the Jury's Verdict. Defendant's request to reduce the jury's punitive damages award fails because Defendant failed to plead the affirmative defense of statutory limitation on liability and even if Defendant could assert the statutory limitations on liability the First Circuit directs courts to allocate a jury's award to federal and state claims to effectuate the jury's verdict to the extent possible.

A.  <u>Defendant Waived the Statutory Limitation on Liability by Failing to Plead it as an Affirmative Defense.</u>

Defendant has waived the MHRA and ADA statutory limitations on damages by failing to raise this as an affirmative defense in its responsive pleadings. The First Circuit is clear that a statutory limitation on liability or "statutory cap" is an affirmative defense that must be raised in the pleadings pursuant to Fed.R.Civ.P. 8(c). *Carrasquillo-Serrano v. Municipality of Canovanas*, 991 F.3d 32, 42–43 (1st Cir. 2021); *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225-26 (1st Cir. 1994); *Jakobsen v. Massachusetts Port Auth.*, 520 F.2d 810, 813 (1st Cir. 1975) ("Under Rule 8(c), certain specified defenses and 'any other matter constituting an

1

avoidance or affirmative defense' must be pleaded affirmatively. While a statutory limitation on liability is not enumerated among the listed defenses, we think it falls within the Rule's residuary clause."). This rule is not unique to the First Circuit. The Fifth and Tenth Circuits agree with the First Circuit that a statutory limitation on liability is an affirmative defense that must be raised in responsive pleadings. *Ingraham v. U.S.*, 808 F.2d 1075, 1078 (5th Cir. 1987); *Racher v. Westlake Nursing Home LP*, 871 F.3d 1152, 1167 (10th Cir. 2017). An affirmative defense not raised in the pleadings is considered waived. Fed.R.Civ.P.8(c). *Jakobsen*, 520 F.2d 810, 813 (1st Cir. 1975) ("The ordinary consequence of failing to plead an affirmative defense is its forced waiver and its exclusion from the case.")

The First Circuit first decided that a statutory cap is an affirmative defense in *Jakobsen*. *Id*. In that case, a plaintiff recovered $45,000 for personal injuries sustained from a fall on an icy sidewalk. *Id*. at 812. The defendant raised a statutory limitation on liability for the first time during a motion for directed verdict, which would have reduced the plaintiff's damages to $5,000. *Id*. The district court, without opinion, denied the defendant's defense. *Id*. The defendant appealed. *Id*. The First Circuit upheld the district court's ruling as follows:

> The Port Authority raised in its answer, besides a general denial, only the defenses of lack of statutory notice, contributory negligence, and assumption of risk. The defense in question was not identified until the close of evidence, and was fully articulated only in the motion for judgment notwithstanding the verdict. Under Rule 8(c), certain specified defenses and "any other matter constituting an avoidance or affirmative defense" must be pleaded affirmatively. While a statutory limitation on liability is not enumerated among the listed defenses, we think it falls within the Rule's residuary clause. The Port Authority's defense shares the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to.3 *See* C. Wright & A. Miller, *Federal Procedure and Practice*, s 1270, at 292 (1969).

*Jakobsen*, 520 F.2d at 813. The First Circuit concluded that the defendant had waived the defense of statutory limitation on liability because it had failed to raise it in the defendant's Answer. *Id*.

Nearly fifteen years after *Jakobsen*, the United States Supreme Court had an opportunity to speak on the issue of whether a statutory cap or limitation on liability is an affirmative defense in *Taylor v. U.S.*, 485 U.S. 992, 993 (1988). The Court denied certiorari, choosing not to address the issue. *Id*. Justice White, in his dissent, recognized that there is a split in jurisdictions as to whether a statutory limitation on damages is an affirmative defense. *Id.* Justice White stated that he would have granted certiorari to resolve the conflict amongst the Courts of Appeals. *Id*. at 993. Justice White specifically listed the *Jakobsen* case as an example of the Courts of Appeals that do require that a statutory cap or limitation on liability must be affirmatively raised in a party's pleadings. *Id*.

Six years after the Supreme Court declined to address the issue on whether a statutory cap is an affirmative defense, the First Circuit applied the rule from *Jakobsen* again in the case of *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1226 (1st Cir. 1994). In *Knapp Shoes, Inc.*, the defendant failed to raise as an affirmative defense a Massachusetts statute providing for a limitation of remedies under Mass. Gen. Laws Ann. ch. 106, § 2-719. *Id*. The First Circuit compared the statute, Section 2-719 "Limitation of Remedy," to the statutory cap in *Jakobsen* and explained:

> Fed.R.Civ.P. 8(c) requires a party to affirmatively plead certain specified defenses, as well as "any other matter constituting an avoidance or affirmative defense." Affirmative defenses not so pleaded are waived. *See FDIC v. Ramirez–Rivera*, 869 F.2d 624, 626 (1st Cir. 1989). We have previously held that a statutory provision limiting damages to a fixed sum constituted an affirmative defense for purposes of Rule 8(c). *Jakobsen v. Massachusetts Port Authority*, 520 F.2d 810, 813 (1st Cir. 1975). Section 2–719 performs the same damage

3

limitation function, and there is no reason to reach a contrary result here. *See also Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987).

*Knapp Shoes, Inc.*, 15 F.3d 1222 at 1226.

This year, as recent as May, in the case of *Carrasquillo-Serrano v. Municipality of Canovanas*, 991 F.3d 32, 42–43 (1st Cir. 2021), the First Circuit, once again, reaffirmed its holding in *Jakobsen* and *Knapp Shoes, Inc*. In that case, plaintiffs brought claims under the Emergency Medical Treatment and Labor Act ("EMTALA") and state law. The defendant defaulted. *Id*. After a trial on damages was held, the jury returned a damages verdict of $1.5 million against the defendant. *Id*. Defendant moved to set aside the default verdict, pursuant to Fed.R.Civ.P. 60(b)(4), arguing that the defendant is entitled to a limitation of its liability pursuant to a statutory cap on plaintiffs' claims. *Id*. at 42. The First Circuit responded:

> We have seen this issue before. We previously reviewed a case in which a defendant failed to assert a statutory limitation-of-liability defense, but the district court nonetheless found that the Massachusetts statute limited the plaintiff's potential recovery. *See Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225-26 (1st Cir. 1994). We reversed the district court, holding that "a statutory provision limiting damages to a fixed sum constituted an affirmative defense for purposes of [Federal Rule of Civil Procedure] 8(c)," and that affirmative defenses not included in an appropriate responsive pleading are waived. *Id*. at 1226.

*Carrasquillo-Serrano*, 991 F.3d at 42–43. It is clear that in the First Circuit, a statutory limitation on liability must be raised in the pleadings. The First Circuit's interpretation of Fed.R.Civ.P. 8(c) is in line with other jurisdictions. *Ingraham v. United States*, 808 F.2d 1075 (5th Cir.1987); *Racher v. Westlake Nursing Home LP*, 871 F.3d 1152, 1167 (10th Cir. 2017). The Court must deny Defendant's Motion to Reduce the Jury's Verdict, because Defendant waived the affirmative defense by failing to raise it in its responsive pleadings. *See* ECF No. 7.

B. The Award Must be Allocated to Maximize Plaintiff's Recovery.

Plaintiff succeeded on both his federal and state claims. Both statutes allow for the award of punitive damages. 5 M.R.S. § 4613(2)(B)(8)(e)(i)-(iv); 42 U.S.C. § 1981a(b)(3)(A)-(D). In *Rodriguez-Torres* the First Circuit held that when there are parallel state and federal claims and damages caps in the relevant statutes, the Court must allocate the damages between the claims to maximize Plaintiff's recovery. *Rodriguez-Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 66 (1st Cir. 2005). The First Circuit's holding in *Rodriguez-Torres* is clear and unambiguous that a district court can and should allocate damages between the claims and for this reason, even if the Defendant had raised the statutory caps in its Answer the reduction of the punitive damages award would be limited to a $25,000 reduction so that the total of compensatory and punitive damages awarded by the jury fell within the combined $800,000 caps set out in the relevant statutes.

Defendant argues that the Court cannot "aggregate" the damages because that would mean Plaintiff receives multiple recoveries for punitive damages. However, the First Circuit has clearly and unambiguously held in *Sanchez v. Puerto Rico Oil* and reiterated in *Rodriguez-Torres* that the argument against duplicative awards does not apply in the case of punitive damages. R*odriguez-Torres,* 399 F.3d at 67 ("Moreover, even assuming that double damages are punitive, it would not benefit Ramallo. In *Sanchez*, we <u>held</u> that, apart from constitutional and statutory construction considerations, 'there is no legal concept of duplicative awards that functions as a limitation on exemplary damages.' *Id*. at 725.)(<u>emphasis added</u>). By misclassifying *Sanchez* as "dicta,"[1] Defendant attempts to create an opening to invite the Court to consider law from other

---

[1] Dicta comprises observations in a judicial opinion or order that are 'not essential' to the determination of the legal questions then before the court." *Arcam Pharm. Corp. v. Faria*, 513 F.3d 1, 3 (1st Cir. 2007). In *Sanchez*, the Court's statement that "considerations that operate to bar multiple recoveries are conceptually and legally inapplicable to punitive damages" was essential to concluding that "no legal concept of duplicative awards that

5

jurisdictions. Defendant claims that other courts have examined this issue "more closely" than the First Circuit. (ECF No. 246 at PageID #3704).

But the law of the First Circuit is clear: "the considerations that operate to bar multiple recoveries are conceptually and legally inapplicable to punitive damages. Of course, potential punitive liability may be limited by legislative intent or due process." *Sanchez v. Puerto Rico Oil Co.*, 37 F.3d 712, 725 (1st Cir. 1994). In other words, Defendant's argument that recovering punitive damages under both the MHRA and ADA claims would be a prohibited double recovery is inopposite to the First Circuit's holding in *Sanchez*, stating that the doctrines that bar multiple recoveries do not apply to punitive damages. *Id*. This was reiterated in *Rodriguez-Torres*, where the First Circuit cited to *Sanchez* to support the notion that the concept of duplicative awards does not apply to punitive damages. *Rodriguez-Torres*, 399 F.3d 52, 66–67 (1st Cir. 2005). Therefore, it is not necessary and would not be appropriate to look outside of this Circuit for guidance on the issue.

Even assuming that the Court looks past *Sanchez* and considers Defendant's cases from other jurisdictions, the cases cited by Defendant all deal with different classes of damages. *Miller v. Raytheon Co.*, 2011 WL 13234303 at *1 (N.D. Tex. May 13, 2011) (ADEA liquidated damages and state claim for punitive damages); *Stoner v. Houston*, 582 S.W.2d 28, 31 (Ark. 1979) (treble damages and punitive damages); *Lexton-Ancira Real Estate Fund, 1972 v. Heller*, 826 P.2d 819, 822 (Colo. 1992) (treble damages and punitive damages); *Reynolds v. Octel Commc'ns Corp.*, 924 F. Supp. 743, 746 (N.D. Tex. 1995) (ADEA liquidated damages and punitive damages under Title VII). In those cases, the courts were concerned with awarding

---

functions as a limitation on exemplary damages," which was later stated to be a holding by the First Circuit in R*odriguez-Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 67 (1st Cir. 2005); s*ee Sanchez*, 37 F.3d 712, 725 (1st Cir. 1994)

punitive damages on top of other classes of punitive damages, each of which involve entirely different mechanisms for punishing a defendant, such as doubling or tripling awards, which is for the trial court to consider, not the jury. *Id*. In other words, the cases cited by Defendant involved a request that the trial court add additional punitive damages on top of those awarded by the jury and go beyond what the jury decided was appropriate as set out in their verdict. In this case, the Plaintiff received a single unallocated award of punitive damages from the jury. In this way it is not appropriate to characterize the jury's single award of punitive damages as "multiple recoveries" as set out in the cases cited by Defendant. In any case, pursuant to *Sanchez*, even to the extent that the jury's single punitive damages award can be considered "multiple recoveries" it is not appropriate to reduce the award since "the considerations that operate to bar multiple recoveries are conceptually and legally inapplicable to punitive damages".

     Defendant must identify some "legislative intent or due process" to limit multiple recoveries of punitive damages. *Sanchez*, 37 F.3d at 725. Defendant has not done so. Nor could Defendant do so, because the ADA explicitly states otherwise.  The ADA provides that, "Nothing in this chapter shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State or political subdivision of any State or jurisdiction that provides greater or equal protection for the rights of individuals with disabilities than are afforded by this chapter." 42 U.S.C.A. § 12201 The First Circuit has cited nearly identical language in Title VII, 42 U.S.C.A. § 2000e-7, to support the principle that when there are parallel state and federal claims, the Court must *allocate* the award to maximize the plaintiff's recovery. *Rodriguez-Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 66 (1st Cir. 2005).

And allocating the award to maximize the plaintiff's recovery is exactly what was done in *Rodriguez-Torres*. In that case, the plaintiff brought both federal and state claims alleging discrimination on the basis of age and gender. *Rodriguez-Torres v. Caribbean Forms Mfr., Inc.*, 399 F.3d 52, 55 (1st Cir. 2005). The jury awarded the plaintiff $250,000 in emotional distress damages and $105,000 in backpay. *Id*. The jury also awarded the plaintiff $250,000 in punitive damages. *Id*. The defendant moved for remittitur on the grounds that the award exceeded the applicable Title VII cap. *Id*. at 56. But the district court allocated $249,000 of the emotional distress award to the state claims, and $1 to the Title VII claim. *Id*. The trial court then awarded the remaining $199,000 in punitive damages to Title VII claim. *Id*. The First Circuit affirmed the trial court's decision on allocating the damages, stating:

> Several appeals courts have addressed the problem of allocating damages where the jury provides one damage award for parallel state and federal discrimination claims but the award exceeds the applicable federal cap. All have approved the method employed by the district court here, namely, considering the unspecified award as fungible between the state and federal claims and allocating the award so as to maximize the plaintiff's recovery while adhering to the Title VII cap." *Rodriguez-Torres v. Caribbean Forms Mfr., Inc*., 399 F.3d 52, 66, citing to *Hall v. Consol. Freightways Corp*., 337 F.3d 669, 678–79 (6th Cir.2003); *Gagliardo v. Connaught Labs., Inc.*, 311 F.3d 565, 570–71 (3d Cir.2002); *Passantino v. Johnson & Johnson*, 212 F.3d 493, 509–10 (9th Cir.2000); *Martini v. Fed. Nat'l Mortgage Ass'n*, 178 F.3d 1336, 1349–50 (D.C.Cir.1999); *Kimzey v. Wal–Mart Stores, Inc.*, 107 F.3d 568, 576 (8th Cir.1997).

*Rodriguez-Torres,* 399 F.3d at 66. The Court cited to 42 U.S.C. § 2000e-7 to support allocating the award between state and federal claims. *Rodriguez-Torres*, 399 F.3d 52, 66 (1st Cir. 2005). 42 U.S.C § 2000e-7 is nearly identical to the ADA's.[2] The First Circuit explained:

> Courts have settled on this method for two primary reasons. First, where the jury makes an unapportioned award, there is no basis for believing that the jury favored applying the damages to the federal over the state claim. Indeed, the most

---

[2] "Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter." 42 U.S.C § 2000e-7.

8

> plausible reading of the jury's verdict in such circumstances is that the jury wanted the specified sum awarded to the plaintiff no matter the count to which the award was eventually assigned. Allocating damages in this fashion is thus consistent with the district court's general obligation to preserve lawful jury awards to the extent possible. *See Gagliardo*, 311 F.3d at 571; *Passantino*, 212 F.3d at 510. Second, allocating the excess damages to the state law claim respects "the local jurisdiction's prerogative to provide greater remedies for employment discrimination than those Congress has afforded under Title VII." *Martini*, 178 F.3d at 1349–50; see also 42 U.S.C. § 2000e–7 ("Nothing in [Title VII] shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State.").

*Rodriguez-Torres* 399 F.3d at 66.

The Maine District Court has applied the *Rodriguez-Torres* allocation principle to ADA cases. *Burnett v. Ocean Properties, Ltd.*, 422 F. Supp. 3d 400, 428 (D. Me. 2019), aff'd, 987 F.3d 57 (1st Cir. 2021). In *Burnett*, the plaintiff brought claims under the ADA and MHRA. *Id*. at 406. The Maine District Court applied the allocation principle enumerated in *Rodriguez-Torres*. *Id*. at 428. The jury awarded the plaintiff $150,000 in compensatory damages and $500,000 in punitive damages. *Id*. at 406. The jury did not allocate or otherwise distinguish the compensatory damages between the ADA claim and the MHRA claim. *Id*. at 427. The plaintiff, perhaps mistakenly, conceded that the total $650,000 damages award should be reduced to $500,000 to comply with the statutory limitation on liability. *Id*. at 426. The Court considered plaintiff's concession to be a stipulation that the plaintiff had agreed to accept a reduced damages award to $500,000. *Id*. The Maine District Court allocated the compensatory damages award of $75,000 to the MHRA claim and $75,000 to the ADA claim, pursuant to *Rodriguez-Torres*. *Id*. at 428. The Maine District Court then reduced the punitive damages verdict to comply with the plaintiff's stipulation that the award should be reduced. *Id*. When applying the *Rodriguez-Torres* principle to the *Burnett* case, the Maine District Court quoted the portion from *Rodriguez-Torres* set out above which explains the two rationales for allocating an unapportioned award between state and

9

federal claims to maximize the award. *Burnett,* 422 F. Supp. 3d at 428, aff'd, 987 F.3d 57. The Maine District Court, pursuant to the law of the First Circuit, correctly considered the damages to be "fungible between the state and federal claims." *Id*.

      Defendant contends that *Burnett* is procedurally different than this case because after the jury asked how to consider punitive damages for each violation, the defendant failed to object to the district court's instruction to consider the awards together. *Id*. Defendant concludes that "there has, of course, been no such waiver here." (ECF. 246 at PageID #3708). But there has been the same waiver here. Defendant failed to submit a proposed verdict form that would have distinguished between the state and federal claims. (ECF No. 76). Defendant further failed to object to the final verdict form. At no point during trial or before the jury retired did Defendant object or even attempt to have the state and federal claim distinguished and kept independent but, to the contrary, proposed that the jury make a single award for federal and state claims. As this Court pointed out in *Burnett*, switching course after the jury's verdict and arguing that the jury should have been asked to allocate its own award provides a defendant with no help. *Burnett,* 422 F. Supp. 3d at 428, aff'd, 987 F.3d 57.

      Where Defendant failed to plead the affirmative defense of statutory caps, the Court should issue a judgment which includes the jury's entire $750,000 punitive damages award. Alternatively, if the Court permits the Defendant to assert the affirmative defense at this late stage the Court should allocate the compensatory and punitive damages awards in such a way to preserve as much of the jury's award as is possible ($800,000 in combined compensatory and punitive damages), i.e. by allocating $50,000 of the compensatory damages award and $450,000 of the punitive damages award to the MHRA claim and allocating $25,000 of the compensatory damages award and $275,000 of the punitive damages award to the ADA claim.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: November 26, 2021 | /s/ Chad T. Hansen |
|  | Chad T. Hansen |
|  | Martin Tartre |
|  |  |
|  | Employee Rights Group |
|  | 92 Exchange Street |
|  | Portland, Maine 04101 |
|  | Ph. (207) 874-0905 |
|  | Fax (207) 874-0343 |
|  | chad@employeerightslaw.attorney |

CERTIFICATE OF SERVICE

I certify that I served the foregoing document upon all counsel of record through this Court's electronic filing system on the date below.

Date: November 26, 2021			*/s/ Chad T. Hansen*

11