UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN BELL, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|       v. | )   1:16-cv-00501-JDL |
| | ) |
| O'REILLY AUTO ENTERPRISES, | ) |
| LLC, d/b/a O'REILLY AUTO | ) |
| PARTS, | ) |
| | ) |
|   Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO REDUCE THE JURY'S VERDICT**

At the October 2021 trial, the jury found that Defendant O'Reilly Auto Enterprises, LLC ("O'Reilly Auto") had failed to reasonably accommodate Plaintiff Brian Bell as required by the Americans with Disabilities Act ("ADA") and the Maine Human Rights Act ("MHRA"). The jury awarded Bell $42,000 in back pay and $75,000 in compensatory damages. The jury then found that O'Reilly Auto had violated both laws with malice or reckless indifference and awarded Bell $750,000 in punitive damages. O'Reilly Auto orally moved to reduce the jury's verdict at the conclusion of the trial (ECF No. 242) and followed that with a written motion (ECF No. 246)—which I treat as a single motion—citing the statutory damage caps that apply to compensatory and

1

punitive awards under the ADA and MHRA.  *See* 42 U.S.C.A. § 1981a(b)(3) (West 2022); 5 M.R.S.A. § 4613(2)(B)(8)(e) (West 2022).[1]

Both the ADA and MHRA contain damage caps that limit liability as a function of how many people the defendant employs, and the highest cap under both laws applies to defendants with more than 500 employees.  42 U.S.C.A. § 1981a(b)(3)(D); 5 M.R.S.A. § 4613(2)(B)(8)(e)(iv).  Under the ADA's cap, a defendant with more than 500 employees faces up to $300,000 in compensatory and punitive damages.  42 U.S.C.A. § 1981a(b)(3)(D).  The MHRA's cap for a defendant with more than 500 employees is $500,000 in compensatory and punitive damages.  5 M.R.S.A. § 4613(2)(B)(8)(e)(iv).  O'Reilly Auto concedes that the trial evidence demonstrates that it employed more than 500 people during all periods relevant to this case.

## I.  WAIVER

Bell's primary argument is that the statutory damage caps are affirmative defenses waived by O'Reilly Auto because the company failed to plead them as required by Federal Rule of Civil Procedure 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . .").  "Affirmative defenses must be pled or they will generally be deemed waived and excluded from the case." *Jewelers Mut. Ins. v. N. Barquet, Inc.*, 410 F.3d 2, 11 (1st Cir. 2005).  O'Reilly Auto's answer (ECF No. 7) did not

---

[1] The availability of compensatory and punitive damages for Bell's ADA claim and the applicable damage cap appear within the Civil Rights Act of 1991.  *See* 42 U.S.C.A. § 1981a(a)(2), (b)(3).  This same cap provision also applies to certain non-ADA civil rights actions, 42 U.S.C.A. § 1981a(a)(1), (b)(3), but I will refer to it as the ADA cap for convenience.

assert the damage caps of the ADA or MHRA. O'Reilly Auto contends that the two caps are not affirmative defenses.

O'Reilly Auto's argument that the caps are not affirmative defenses runs counter to long-standing First Circuit law. "While a statutory limitation on liability is not enumerated among the listed defenses [of Federal Rule of Civil Procedure 8(c)], we think it falls within the Rule's residuary clause" because the "defense shares the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to." *Jakobsen v. Mass. Port Auth.*, 520 F.2d 810, 813 (1st Cir. 1975) (involving a statutory damage cap). Thus, "a statutory provision limiting damages to a fixed sum constitute[s] an affirmative defense for purposes of Rule 8(c)." *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1226 (1st Cir. 1994). That principle was reaffirmed last year, when the First Circuit concluded that a statutory damage cap "is a statutory limitation on liability, and . . . the defendant . . . has waived the defense by failing to include it in a responsive pleading." *Carrasquillo-Serrano v. Municipality of Canovanas*, 991 F.3d 32, 43 (1st Cir. 2021). Thus, I join the District of Puerto Rico in concluding that the First Circuit has "*unequivocally*" characterized statutory limitations on liability—including damage caps—as affirmative defenses. *Camacho v. San Juan Bautista Med. Ctr., Inc.*, Civil No. 10–1857, 2013 WL 653946, at *3 (D.P.R. Feb. 21, 2013) (emphasis in original). Accordingly, the ADA's and MHRA's damage caps are properly treated as affirmative defenses.

O'Reilly Auto also contends that because the First Circuit has not addressed the specific damage caps at issue here, I should instead follow a decision from the District of Connecticut that held the ADA's cap is not an affirmative defense. *See Oliver v. Cole Gift Centers, Inc.*, 85 F. Supp. 2d 109, 111-12 (D. Conn. 2000).[2] In arriving at that conclusion, *Oliver* distinguished the First Circuit's decisions in *Jakobsen* and *Knapp Shoes* as focused on the potential for unfair surprise, a concern that is not applicable when "caps [are] evident on the face of the statutory schemes under which the plaintiffs had brought their claims." *Id.* at 111. The district court reasoned that "[n]o plaintiff . . . can complain of unfair surprise, prejudice, or lack of opportunity to respond when confronted with the . . . limitation of damages [under 42 U.S.C.A. § 1981a(b)(3)], because the limitation is part of the same statutory scheme under which the plaintiff has brought his or her claim." *Id.* at 112.

I part company with *Oliver*'s characterization of *Knapp Shoes*. In *Knapp Shoes*, the plaintiff's claims for damages arose in part under Mass. Gen. Laws ch. 106, section 2-715 (1994) and were possibly barred by Mass. Gen. Laws ch. 106, section 2-719 (1994). *Knapp Shoes*, 15 F.3d at 1226. Both provisions are part of Massachusetts's enactment of the Uniform Commercial Code, so the availability of damages and the potential limitation were part of the same statutory scheme. Moreover, the First Circuit has never analyzed the obviousness of a statutory limitation on liability to decide whether a defense is

---

[2] *Oliver* addressed the statutory cap from 42 U.S.C.A. § 1981a(b)(3) in the context of a Title VII claim. *See Oliver*, 85 F. Supp. 2d at 110-11; *see supra* note 1.

4

affirmative or ordinary. *See Jakobsen*, 520 F.2d at 813; *Knapp Shoes*, 15 F.3d at 1226; *Carrasquillo-Serrano*, 991 F.3d at 42-43. Instead, "[t]he First Circuit test for whether a given defense" is affirmative "is whether the defense 'shares the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to.'" *Wolf v. Reliance Standard Life Ins.*, 71 F.3d 444, 449 (1st Cir. 1995) (quoting *Jakobsen*, 520 F.2d at 813); *see Knapp Shoes*, 15 F.3d at 1226 (classifying a statutory limitation on liability as an affirmative defense because it "performs the same damage limitation function" as a damage cap). Thus, I do not adopt *Oliver*'s reasoning or conclusion.

O'Reilly Auto's next argument is that the defendants in *Knapp Shoes* and *Carrasquillo-Serrano* waived the statutory limitations on damages only because the untimely assertion of those defenses would have denied the plaintiffs an opportunity to develop relevant evidence and counterarguments. O'Reilly Auto asserts that a different result is appropriate here because Bell would not have benefitted from earlier notice of the company's intent to invoke the damage caps. O'Reilly Auto reasons that, if the caps are not waived, there is no argument that they do not apply here, and, because O'Reilly Auto clearly employs more than 500 people, the company belongs in the highest tier within each cap and Bell could not have introduced evidence to establish the applicability of a higher cap. O'Reilly Auto also asserts that Bell was on notice of the caps because they are an intrinsic part of the statutory schemes under which he brought his claims.

I treat O'Reilly Auto as arguing in the alternative that (1) considerations of prejudice and notice bear on whether the caps should be classified as affirmative defenses and, separately, (2) O'Reilly Auto's failure to plead the caps should be excused for those same reasons if the caps are affirmative defenses. The first argument is not persuasive because, as already mentioned in my discussion of *Oliver*, the First Circuit test for affirmative defenses is not prejudice or notice but whether the defense would bar recovery even if the defendant conceded the accuracy of the complaint. And the First Circuit has thrice held that statutory limitations on damages satisfy that standard. *Jakobsen*, 520 F.2d at 813; *Knapp Shoes,* 15 F.3d at 1226; *Carrasquillo-Serrano*, 991 F.3d at 43.

O'Reilly Auto also argues that if the statutory caps are affirmative defenses, its failure to plead them should be excused due to notice and lack of prejudice. This argument finds support in *Jakobsen*, in which the First Circuit observed that "[t]he ordinary consequence of failing to plead an affirmative defense is its forced waiver and its exclusion from the case" but, "when there is no prejudice and when fairness dictates, the strictures of this rule may be relaxed." 520 F.2d at 813. In that case, however, the court concluded that it would have been unfair to "treat[] the untimely [damage-cap] defense as a late amendment that should have been allowed" for multiple reasons, including that "[t]he delay undercut plaintiff's ability to develop facts and fashion his case in a manner relevant to this defense." *Id.* at 813-14, 816. In *Knapp Shoes*, the court characterized *Jakobsen* as "referring favorably to the no-prejudice test"

without adopting it. *Knapp Shoes*, 15 F.3d at 1226. *Knapp Shoes* similarly did "not decide whether notice and no prejudice would . . . serve as an excuse [for the late assertion of an affirmative defense] in this circuit." *Id.* The court did explain, however, that "[t]he reason why affirmative defenses under Rule 8(c) must be pled in the answer is to give the opposing party notice of the defense and a chance to develop evidence and offer arguments to controvert the defense." *Id.*

In the years since *Knapp Shoes*, the First Circuit has more clearly "identified exceptions to Rule 8(c)'s bar of untimely affirmative defenses, including when: (1) 'the defendant asserts it without undue delay and the plaintiff is not unfairly prejudiced by any delay,' or (2) 'the circumstances necessary to establish entitlement to the affirmative defense did not obtain at the time the answer was filed.'" *O'Brien v. Town of Bellingham*, 943 F.3d 514, 528 (1st Cir. 2019) (quoting *Davignon v. Clemmey*, 322 F.3d 1, 15 (1st Cir. 2003)); *accord Shervin v. Partners Healthcare Sys., Inc.*, 804 F.3d 23, 52 (1st Cir. 2015) ("A district court may relax the raise-or-waive rule when equity so dictates and there is no unfair prejudice to any opposing party."). "Those cases which permit the interposition of an affirmative defense outside the pleadings generally have involved moderate delays, such as an attempt to raise the defense in a pretrial motion to dismiss or for summary judgment, rather than at trial or in a postjudgment motion." *Davignon*, 322 F.3d at 16. And "postponements become far less tolerable where a defendant . . . has tendered no justification whatsoever for the belated request." *Id.*

7

Here, it would be inequitable to allow O'Reilly Auto to assert the statutory damage caps this late in the life of this unusually long civil proceeding. Although it was not known whether the jury would award damages in excess of the caps until the verdicts were announced, the statutory caps have applied to this case since its inception. As such, the circumstances necessary to establish entitlement to the affirmative defenses existed when O'Reilly Auto filed its answer five years ago. O'Reilly Auto's argument that its failure to plead affirmative defenses should be excused is being made after the second trial of this case to a jury. Further, O'Reilly Auto has not argued that it did anything to put Bell on actual notice of its intent to invoke the caps, only that the caps are obvious. Finally, as to prejudice, a litigant in Bell's shoes would have been justified in thinking that the caps had been waived and may have made strategic litigation decisions in reliance on that assumption. *See Hernández-Miranda v. Empresas Díaz Massó, Inc.*, 651 F.3d 167, 173 (1st Cir. 2011) (reasoning that advance knowledge of which of the graduated caps within 42 U.S.C.A. § 1981a(b)(3) applies "allows for both sides to set realistic litigation budgets and evaluate whether cases are worth bringing and defending" and "allow[s] litigants to make informed decisions about settlement").[3]

---

[3] O'Reilly Auto also argues that *Hernández-Miranda*, 651 F.3d 167, and *Burnett v. Ocean Properties, Ltd.*, 422 F.Supp.3d 400 (D. Me. 2019), support the conclusion that the ADA's and MHRA's caps cannot be waived. These citations are inapposite because they did not examine whether defendants had waived the caps by failing to plead them. In *Hernández-Miranda*, the First Circuit selected the appropriate damage cap under 42 U.S.C.A. § 1981a(b)(3) in light of the best available evidence of how many people the defendant employed. 651 F.3d at 170, 176 & n.7. In *Burnett*, the court imposed the highest available caps under the ADA and MHRA because the defendant had failed to put on evidence that it had fewer than 500 employees. 422

For the foregoing reasons, O'Reilly Auto forfeited the statutory damage caps under the ADA and MHRA by failing to plead the same as affirmative defenses. Accordingly, I do not address O'Reilly Auto's argument that the jury's award of compensatory and punitive damages should be reduced to $500,000 to avoid a double punishment.

## II.  CONCLUSION

Defendant O'Reilly Auto Enterprises, LLC's Motion to Reduce the Jury's Verdict (ECF Nos. 242, 246) is **DENIED**.

**SO ORDERED.**

**Dated this 15th day of March, 2022.**

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**

---

F.Supp.3d at 427. In other words, these cases address how courts should select among the tiers within the ADA's and MHRA's caps when the caps have not been waived.